1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                      **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  JOHN MICHAEL BALBO,                    Civil        14cv0840 BTM (DHB)
12  CDCR #P-65407,                         No.
                                 Plaintiff,
13                                          **ORDER:**
14                                          **(1)  DENYING MOTION FOR**
                                            **APPOINTMENT OF COUNSEL;**
15              vs.                         **AND**

16                                          **(2) DISMISSING COMPLAINT**
                                            **FOR FAILING TO STATE A**
17  STU SHERMAN; NANCY MARTINEZ,            **CLAIM PURSUANT TO 28 U.S.C.**
                                            **§ 1915A**
18
19                               Defendants.
20

21

22        John Michael Balbo, ("Plaintiff"), a state inmate currently incarcerated at the

23  Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and

24  proceeding pro se, initially filed a civil rights Complaint pursuant to 28 U.S.C. § 1983 in

25  the Northern District of California.  On April 4, 2014, the matter was transferred to the

26  Southern District.

27        On June 20, 2014, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP")

28  pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel  [ECF No. 13].

The Court denied Plaintiff's motion on the ground that he failed to submit a certified copy of his inmate trust account statement as required by 28 U.S.C. § 1915(a)(2). Plaintiff was given time to re-file his motion, along with the requisite trust account statement. [ECF No. 15.] However, Plaintiff has filed a supplemental briefing with the Court in which he claims that the trust account office has lost his repeated requests for a copy of his trust account statement. [ECF Nos. 17, 19.]

## I.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel in this matter. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915A(b)

Even though Plaintiff has not been given leave to proceed IFP or paid the filing fee, the Court can conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation,

pretrial release, or diversionary program."  28 U.S.C. § 1915A(a), (c).  Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).  A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he elected to initiate this action in federal court and successfully moved to proceed *in forma pauperis* ("IFP").  See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447 (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997)).

Here, it appears that Plaintiff is seeking to bring an access to courts claim because he alleges that "there is no A.D.A. equipment in the law library to allow him to respond to this court."  (Compl. at 2.)  It is not clear from Plaintiff's Complaint if he is alleging constitutional deprivations for the time he was previously housed at the California Substance Abuse Treatment Facility ("CSATF") or RJD.  One of the named Defendants, Stu Sherman, is the Warden for CSATF.[1]  If Plaintiff is seeking to hold Defendants liable for claims arising from the time he was housed at CSATF, the proper venue for this action is the Northern District of California.

Regardless, the Court finds that Plaintiff has failed to properly allege an access to courts claim.  Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts."  *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

---

[1] *See* http://www.cdcr.ca.gov/Facilities_Locator/SATF.html (last visited Oct. 15, 2014).

1   providing prisoners with adequate law libraries or adequate assistance from persons who
2   are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish a
3   violation of the right to access to the courts, however, a prisoner must allege facts
4   sufficient to show that:  (1) a nonfrivolous legal attack on his conviction, sentence, or
5   conditions of confinement has been frustrated or impeded, and (2) he has suffered an
6   actual injury as a result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).  An "actual
7   injury" is defined as "actual prejudice with respect to contemplated or existing litigation,
8   such as the inability to meet a filing deadline or to present a claim."  *Id.* at 348.

9        Here, Plaintiff has failed to alleged any actions with any particularity that have
10  *precluded* his pursuit of  a non-frivolous direct or collateral attack upon either his
11  criminal conviction or sentence or the conditions of his current confinement.  *See Lewis*,
12  518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability
13  to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of
14  [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the
15  non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an
16  element that must be described in the complaint, just as much as allegations must describe
17  the official acts frustrating the litigation.").  Moreover, Plaintiff has not alleged facts
18  sufficient to show that he has been actually injured by any specific defendant's actions.
19   *Lewis*, 518 U.S. at 351.

20       In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or
21  that he was "so stymied" by any individual defendant's actions that "he was unable to
22  even file a complaint," direct appeal or petition for writ of habeas corpus that was not
23  "frivolous."  *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other
24  element of an access claim[,] ... the predicate claim [must] be described well enough to
25  apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying
26  claim is more than hope.").  Therefore, Plaintiff's access to courts claims must be
27  dismissed for failing to state a claim upon which section 1983 relief can be granted.
28  / / /

If Plaintiff chooses to file an Amended Complaint, the Court cautions Plaintiff that he must first file a properly supported Motion to Proceed IFP.  In addition, Plaintiff should make clear in his Amended Complaint where the events giving rise to this action occurred.

## III.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1)     **DENIES** Plaintiff's Motion to Appoint Counsel [ECF No. 14] without prejudice;

(2)     **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A.   However, Plaintiff is GRANTED sixty (60) days leave from the date this Order is electronically filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading.  *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(3)     Sua sponte **GRANTS** Plaintiff a sixty (60) day extension of time from the date this Order is electronically filed to either:  (1) prepay the entire $350 civil filing fee and $50 administrative fee in full; *or* (2) complete and file a Motion to Proceed IFP *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint*.  *See* 28 U.S.C. § 1915(a)(2); 28 U.S.C. § 1914(b); S.D. CAL. CIVLR 3.2(b).  If Plaintiff chooses to file a Motion to Proceed IFP which the Court later grants, the $50 administrative fee will be waived.

(4)     The Clerk of Court is directed to mail a copy of this Order to Richard J. Donovan Correctional Facility, Trust Account Office, 480 Alta Road, San Diego, California 92179.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP," along with a civil rights complaint form, in this matter.

**IT IS SO ORDERED.**

DATED: November 12, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court